IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ASHLEY BROOKE BEHRENS,**

    **Plaintiff,**

vs.   Case No. 22-CV-04064-TC-RES

**AAA CLUB ALLIANCE INC.,**

    **Defendant.**

## FIRST AMENDED COMPLAINT

Plaintiff Ashley Brooke Behrens ("Behrens") for her First Amended Complaint against AAA Club Alliance, Inc. ("AAA"), hereby states as follows:

1. Plaintiff is an individual and resident of the state of Kansas.

2. Defendant AAA is a Delaware corporation, with a physical business presence in Shawnee County, Kansas and may be served upon its Registered Agent in the state of Kansas, Corporation Service Company, 2900 S.W. Wanamaker Drive Suite 204, Topeka, Kansas 66614.

3. Venue and jurisdiction are properly placed inasmuch as all transactions relevant to plaintiff's claims occurred in Kansas and within this judicial district.

## FACTUAL BACKGROUND

4. Plaintiff Behrens, a female, served as an employee for AAA from and after 2007, with her most recent job title defined as a "KS Territory Manager, Contract Station Network, and AAA Approved Auto Repair."

5. Plaintiff's latest role with AAA filled a variety of capacities, inclusive of being a point of contact for contractors, registering drivers and/or towing companies, as well as offering contracts of employment.

6. Plaintiff performed her assigned work in a successful and competent manner on behalf of defendant.

## COUNT I: GENDER DISCRIMINATION

7. Plaintiff incorporates all the foregoing allegations, and further states as follows.

8. Plaintiff Behrens is a female.

9. Plaintiff served defendant as an employee of AAA, most recently as a Kansas Territory Manager in a highly appropriate and productive manner for over 13 years.

10. Plaintiff Behrens successfully performed her duties at a satisfactory or above level throughout her active employment with defendant.

11. Plaintiff was the victim of wrongful treatment on the basis of her gender, while her similarly situated, male co-workers were not subjected to the same treatment.

12. Commencing on or around February 2021, one or more management members of defendant perpetuated a pattern of unwelcome sexual harassment upon plaintiff, inclusive of leering at her backside, making unwelcome comments, changing the locks within the workplace without notification, blocking plaintiff's entrance into the office, as well as continuous, unwelcome staring behaviors.

13. On multiple occasions, plaintiff Behrens voiced her concerns regarding her sexually hostile workplace, to which AAA supervision inclusive of Tim Burns did nothing to address these issues.

14. On May 10, 2021, plaintiff received a written reprimand.

15. On May 18, 2021, plaintiff was constructively discharged from her employment with AAA.

16. As a result of the foregoing, plaintiff was the victim of unlawful gender discrimination by defendant AAA.

17. Plaintiff was the further victim of unlawful gender discrimination by defendant by virtue of being having her work more closely scrutinized, given worse job duties and being more severely disciplined than her similarly situated male colleagues.

18. The actions of defendant as set forth in the preceding paragraphs were unlawful violations of plaintiff's right to be free of unlawful gender discrimination as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.

19. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Behrens has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

20. Plaintiff is entitled to an award of punitive damages in an amount exceeding $75,000.00 arising from the reckless and/or malicious nature of her mistreatment, together with her reasonable attorney's fees and expenses.

21. Plaintiff is further entitled to an award of prejudgment interest arising from defendant's unlawful actions.

WHEREFORE, plaintiff Behrens prays for the Court's order against defendant AAA granting her judgment against defendant AAA for her actual and compensatory damages in an amount exceeding $75,000.00, for an award of punitive damages in an amount exceeding $75,000.00, for her reasonable attorney's fees and expenses, for prejudgment interest, together with such other relief as the Court deems proper.

## COUNT II: RETALIATION

22. Plaintiff incorporates all the foregoing allegations, and further state as follows.

23. Plaintiff Behrens is a female.

24. Plaintiff served defendant as an employee of AAA, most recently as a Kansas Territory Manager, in a highly appropriate and productive manner for over 13 years.

25. Plaintiff Behrens successfully performed her duties at a satisfactory or above level throughout her active employment with defendant.

26. Plaintiff was the victim of wrongful treatment on the basis of her gender, while her similarly situated, male co-workers were not subjected to the same treatment.

27. Commencing on or around February 2021, one or more management members of AAA perpetuated a pattern of unwelcome sexual harassment upon plaintiff, inclusive of leering at her backside, making unwelcome comments, changing the locks within the workplace without notification, blocking plaintiff's entrance into the office, as well as continuous, unwelcome staring behaviors.

28. On multiple occasions, plaintiff Behrens voiced her concerns regarding her sexually hostile workplace, to which AAA supervision inclusive of Tim Burns did nothing to address these issues.

29. On May 10, 2021, plaintiff received a written reprimand in retaliation for raising her concerns.

30. On May 18, 2021, plaintiff was constructively discharged from her employment with AAA.

31. As a result of the foregoing, plaintiff was the victim of unlawful retaliation by defendant AAA.

32. Plaintiff was the further victim of unlawful gender retaliation by defendant by virtue of having her work more closely scrutinized, being given worse job duties and being more severely disciplined

33. The actions of defendant as set forth in the preceding paragraphs were unlawful violations of plaintiff's right to be free of unlawful retaliation as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.

34. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Behrens has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

35. Plaintiff is entitled to an award of punitive damages in an amount exceeding $75,000.00 arising from the reckless and/or malicious nature of her mistreatment, together with her reasonable attorney's fees and expenses.

36. Plaintiff is further entitled to an award of prejudgment interest arising from defendant's unlawful actions.

WHEREFORE, plaintiff Behrens prays for the Court's order against defendant AAA granting her judgment against defendant AAA for her actual and compensatory damages in an amount exceeding $75,000.00, for an award of punitive damages in an amount exceeding

$75,000.00, for her reasonable attorney's fees and expenses, for prejudgment interest, together with such other relief as the Court deems proper.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

/s/ Albert F. Kuhl
Albert F. Kuhl   #12478
9393 W. 110th St., Ste. 500
Overland Park, Kansas 66210
Tel.: 913.638.8022
Fax:  913.451.6750
Al@kcjoblawyer.com
ATTORNEY FOR PLAINTIFF

Certificate of Service

Counsel for this plaintiff hereby certifies that a copy of the foregoing was served upon all counsel of record via the Court's electronic filing system on March 13, 2023.

Stacy M. Bunck
Colin J. Finnegan
OGLETREE, DEAKINS, NASH, SMOAK &STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
816.471.1301
816.471.1303(Facsimile)
stacy.bunck@ogletree.com
colin.finnegan@ogletree.com
ATTORNEYS FOR DEFENDANT

 /s/  Albert F. Kuhl